Donahue, J.
The relator asks that a writ of mandamus issue out of this court, commanding the defendant, Gabe F. Cooper, as auditor of Lucas county, to deliver to the relator his warrant on the defendant, Clarence L. Conlisk, as treasurer of Lucas county, for the amount of the official fees of Peter Parker, as treasurer, accruing at six semiannual intervals between February 1909 and August 1911, aggregating $3467.29; and commanding the defendant; Clarence L. Conlisk, as treasurer of Lucas county, to pay such warrant.
While a writ of mandamus will issue against a public officer to compel the performance of an official duty enjoined upon him by law, yet such writ will not be granted unless the relator’s right is clear and the act to be enforced is one of absolute obligation. (State, ex rel. Gallinger, v. Smith, Auditor, 71 Ohio St., 13.) Where there is a substantial doubt as to the relator’s right, the writ will be refused. State, ex rel. Hildebrandt, v. Stewart, Id., 55.
An action in mandamus will not lie against the treasurer, Clarence L. Conlisk, until he has refused to perform an official act enjoined upon him by law. He could neither pay nor refuse payment except upon the presentation of a proper warrant issued by the auditor of Lucas county. This petition necessarily concedes that no such warrant has *263 ever been issued. Therefore, the writ as to the treasurer, Conlisk, must be refused.
From averments of the petition it appears that these fees were ascertained to be due to Peter Parker, former treasurer of Lucas county, at the six semiannual settlements between February 1909 and August 1911. So far as the defendant, Gabe F. Cooper, as auditor of Lucas county, is concerned, this is the only official record upon authority of which he is authorized to issue such vouchers. If the statutes of Ohio enjoin any duty upon him, it is the duty of issuing to Peter Parker warrants upon the county treasurer in the amounts named. It is conceded, however, by all the parties to this suit, that Peter Parker is not now entitled to have such vouchers issued to him. These fees are now claimed by the relator, as trustee in bankruptcy of Peter Parker, and also by Robert G. Young, as trustee for the creditors of Peter Parker, successor to the assignee named in the deed of assignment.
This trustee has also commenced a similar action in the common pleas court of Lucas county against the county auditor, asking that a writ of mandamus issue out of that court, commanding the county auditor to issue to him a voucher for the sum of $2061.75, being a part of the same fund demanded by the relator in this action.
It further appears by the answer to the sixth cause of action, and the admission in the reply, that some of counsel representing the relator in the present proceeding also .represent Young, trustee, in the action in the common pleas court of *264 Lucas county. It would therefore appear that even in the minds of counsel for relator and Young there exists a substantial doubt as to the proper person entitled to receive these warrants.
However that may be, the fact that both the trustee in bankruptcy and the trustee in the assignment proceeding are presumably in good faith, making claim to these fees is sufficient to justify the county auditor in refusing to issue the warrants to relator until a court of competent jurisdiction determines which claimant is lawfully entitled to receive the same; for, regardless of the ultimate decision that may be reached, the auditor is not required to decide at his peril which of these trustees is entitled to receive this fund; and especially is this true where the record upon which he must base his action shows that the fees belong to Peter Parker, and each trustee makes the claim that under and by virtue of his respective appointment he has succeeded to all the rights and interest of Peter Parker therein.
The question of the relator’s right to this fund is further complicated by the fact that the auditor of Lucas county has issued his warrant, and the treasurer of Lucas county has paid this fund, upon the order of a court of competent jurisdiction, to a receiver appointed by that court. In answer to this, however, it is contended on the part of the relator, that the common pleas court did not have jurisdiction of the person of Peter Parker, for the reason that he was not served with summons in cause No. 58844. That is perhaps true, but that *265 case may be wholly disregarded in the determination of the issue joined in this action.
In the action of The First National Bank of Bellevue against Peter Parker, No. 55335 on the docket of the common pleas court of Lucas county, Peter Parker was duly and legally served with summons.
On June 10, 1908, the court of common pleas in cause No. 55335, appointed Chambers receiver, and ordered the county treasurer to pay to the receiver the-funds of Peter Parker, coming into his hands by virtue of the lien theretofore granted by the common pleas court of Lucas county to Parker at his request, in the four cases against The Railways & Light Company.
It is absolutely of no importance in the disposition of this case whether the court of common pleas erred either in decreeing that Parker’s fees should be a lien upon'the proceeds of the judgments in the four cases against The Railways & Light Company, or whether it erred in its order appointing a receiver and ordering the county treasurer to pay these funds to the receiver. Parker was a party to all of these suits. The judgment in each of these cases finally and fully adjudicated the rights of all the parties thereto, and is binding not only upon Peter Parker himself, but upon all persons claiming under him.
In cause No. 58844, in which action Parker was not served with summons, an examination of the docket and journal entries shows that the court found specifically that these judgments, the four judgments against The Railways & Light Com *266 pany, had been paid, and that Biddle, as treasurer, in pursuance of the order of the court entered in cause No. 55335, had paid to Chambers, receiver, the amount found to be due Parker in each of these Railways & Light Company cases and declared to be a' lien upon the proceeds of the judgments entered therein.
It therefore appears that these funds were not paid by the treasurer of Lucas county to the receiver appointed in cause No. 55335 upon any order of court made in cause No. 58844, but were paid to him upon the order made in cause No. 55335, in which cause the receiver was appointed, and in which cause Parker had been duly and legally served with summons. So that, as far as the fees due Parker from the proceeds of the four judgments against The Railways & Light Company are concerned, the defense of the auditor does not rest upon any order made in cause No. 58844, but, on the contrary, upon the order made in cause No. 55335.
The right of the relator to this fund, or any part of it, is doubtful for the further reason that on March 17, 1906, prior to the appointment of the relator as trustee in bankruptcy proceedings, and prior to the date of the assignment made by Parker for the benefit of his creditors, Parker assigned in writing to The Toledo {Bank the fees due him from Lucas county upon moneys recovered by him in the several actions described in the petition. In the same year he also assigned the same funds to William Mattison. These assignments were made by Parker presumably in good faith. He at least *267 attempted to part with his right under the statute of this state to 'demand that the auditor of Lucas county issue to him a voucher covering these fees. The county auditor is not required to determine the validity of these assignments, nor is he required to determine whether they take precedence over the judgment and orders of the common pleas court in favor of The First National Bank of Bellevue in cause No. 55335.
Even if no bankruptcy proceedings had been commenced, and Parker had made no deed of assignment for the benefit of his creditors, he would now be in no position to demand that the auditor issue him a voucher for the fees that he had attempted to assign to The Toledo Bank and to William Mattison. Under such circumstances, the county auditor would have a clear right to refuse to issue to Parker any warrant upon the county treasurer until Parker had determined by action the validity or invalidity of the purported assignments. Certainly Parker’s trustee in bankruptcy, or the trustee in the assignment proceedings, is in no better position than Mr. Parker would be if such trustees had never been appointed.
Whenever by his own act, or the action of a court of competent jurisdiction in a proceeding in which he has been duly and legally served with summons, the right of Parker to demand and receive such warrant and payment of the same from the county treasurer is rendered doubtful or uncertain, mandamus will not lie upon his relation, nor will it lie to settle the rights of rival claimants claiming under him.
*268 The rights of these respective claimants must first be determined in an action at law, and not in an action in mandamus against the county auditor, who is not concerned in their dispute, but is concerned in protecting the county from the payment of public funds to persons not entitled to receive the same.
Section 12287 specifically provides that “The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.” In this case there is a plain and adequate remedy at law, where the rights of the county and every claimant to this fund can be fully protected and full and complete relief afforded. The relator has not shown a clear legal right to the relief sought. On the contrary, there is at least a substantial doubt as to his right to this fund or any part of it, and therefore a writ of mandamus will be refused and the petition of the relator dismissed at his cost.

Writ refused.

Jones, Matthias, Johnson, Wanamaker and Robinson, JJ., concur,